No. 6564.

R. H. ARNOLD v. THE STATE.

1. LEASE OF SCHOOL LANDS —The act of April 12, 1883, and contracts for lease of public school lands made in accordance therewith are valid.
2. LAND BOARD—EXECUTIVE DEPARTMENT.—No new offices were created or attempted to be made by the act constituting the heads of the executive department as the Land Board, with duties as such.
3. SAME.—The duties imposed by the act creating the Land Board are executive, and the Constitution, in addition to enumerated duties, imposes upon the heads of the executive department "such other duties as may be required by law."
4. SAME.—That the board may have assumed powers not granted them did not affect the validity of their acts within their authority.

APPEAL from Travis. Tried below before the Hon. A. S. Walker.

This case is upon the same issues as one next preceding, save only as stated in the opinion.

*Maxey & Fisher* and *Temple Houston,* for the appellant: The Constitution of 1876, in express terms, provides for the "sale" of school lands by the Legislature; and by necessary implication prohibits the "lease," or other disposition thereof; hence, the act of April 12, 1883, authorizing the sale thereof by the so called State Land Board is unconstitutional and void. (Sec. 2, art. 7, sec. 4, art. 7, Const. 1876; Cooley Const. Lim., p. 107; Id., 64.)

The Legislature possessed no power to lease or to provide for the leasing of school lands; and the express direction contained in the Constitution to sell denied the power to lease.

In enacting the law of April 12, 1883, under which the authority to lease is claimed, the Legislature created new offices to be held by the heads of departments, and, without warrant of law, imposed upon said officers new and additional duties in contravention of constitutional limitations. (Act April 12, 1883, General Laws 1883, p. 85, et seq.; art. 4, Const. 1876, Executive Department.)

The Legislature, in passing the act of April 12, 1883, at-

tempted to transfer and delegate to the State Land Board legislative powers and functions, and to make said Board something more than a mere agency to execute the legislative will.

The Constitution committed to the Legislature, and to it alone, the trust of selling school lands; and the Legislature could not sub-let or farm out the trust to a Board and invest it with powers which the Legislature itself could not exercise. (Sec. 4, art. 7, Const. 1876.)

The act of April 12, 1883, prescribing that the minimum price at which lands might be leased by the Board should not be less than four cents an acre; and that lands should be leased, upon competition, in the locality of the lands, among applicants, the order of the Land Board fixing the minimum rate for lease of dry lands at eight cents, and of watered lands at twenty cents, without reference to competition, was in direct conflict with the act creating the board and defining its powers, and in violation of the Constitution.

STAYTON, CHIEF JUSTICE. This cause presents essentially the same facts presented in the case of Smisson v. The State, this day decided, and without restating the grounds for our opinion, we hold, for the reasons stated in the case referred to, that the act of April 12, 1883, and the lease contract made between the appellant and the State under it were valid.

In addition to the questions presented in the case before referred to it is urged that the act of April 12, 1883, created new offices, to be held by the heads of the executive department, without warrant of law and imposed upon them new and additional duties in contravention of the Constitution.

All the officers made members of the Land Board were of the executive department, and the duties imposed on that Board were such as pertain to that department.

The Governor is the chief executive officer of the State and the Constitution expressly provides that the other heads of departments of the executive branch of the government, made members of the Board, shall perform, in addition to the duties expressly imposed on them by the Constitution, "such other duties as may be required by law." (Secs. 22 and 23, article 4, Const.)

The fact that the Land Board may have assumed powers not authorized by the act creating the Board could not affect the validity of acts performed by them in accordance with the act.

If there were parts of the act, not authorized by the Constitution, a matter that need not now be considered, those parts of the act were not so connected with the entire act as to invalidate it in toto, nor have such parts of the act any bearing on the validity of the lease made the basis of this action.

The judgment of the court ' elow will be affirmed.

*Affirmed.*

Opinion delivered June 19, 1888.